# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA  :

v.  :  MAGISTRATE NO. 14-75-M

POULAERT VANDEN-BOSCHE  :

### GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

Poulaert Vanden-Bosche, who is 32 years old, enticed a 14 year old girl to engage in various sexual activities, both in the State of New Jersey and the Commonwealth of Pennsylvania, all of which were against local criminal statutes. In addition to the illegality of engaging in sexual acts with a minor, the defendant literally forced the 14 year old minor girl to perform some of these sexual acts. This illegal activity took place over a number of months, in particular from at least July of 2013 through October of 2013.

This enticement of a minor carries with it a 10 year mandatory minimum term of imprisonment and a maximum of life imprisonment. Even if one could ensure that the defendant have no further access to the minor girl he enticed, it would be very difficult if not impossible to ensure that he would have no contact with other minors. Consequently, the defendant presents a significant danger to the public. Also, the defendant is from Tennessee where his mother still resides and has no real ties to the Eastern District of Pennsylvania. He is unemployed and was unable to provide any contact individuals whom pretrial services could call for verification of background information. Considering his lack of ties to this District, his ties to Tennessee, the strength of the case against him, and the lengthy sentence he is facing if convicted, the defendant has a strong incentive to flee.

Because no condition or combination of conditions will reasonably assure the defendant's appearance as required and/or the safety of the community, the government moves pursuant to 18 U.S.C. §§ 3142(e) and (f) for a detention hearing and pretrial detention of the defendant.

I.      **THE FACTS**

In support of this motion, the government makes the following representations and proposed findings of fact:

    A.     **Probable Cause And The Evidence In This Case**

        1.     There is probable cause to believe that the defendant has violated Title 18, United States Code, Section 2422(b), as charged in the criminal complaint filed on January 23, 2014.   Since this is a case which charges the defendant with an offense involving a minor victim, under section 2251 of Title 18, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.  See 18 U.S.C. Section 3142(e)(3)(E).

        2.     The evidence in this case is strong.

            a.     The defendant admitted to having had sexual relations with the minor, in a consensual telephone conversation that took place on or about December 12, 2013. When asked, during this conversation, if he would get together with the minor victim again, he was willing to do that, even after having been caught in bed with her on or about October 11, 2013.

            b.     A search warrant that was executed at the defendant's residence produced various items the minor victim indicated she had given to the defendant; items which

were specifically named in the search warrant as provided to the defendant from the victim minor girl.

    c. The fact that the defendant was involved in sexual activity with the minor victim girl was uncovered when the minor's father returned home from work unexpectedly and found the defendant in bed with his daughter. Also, the minor had taken pictures of the defendant and herself in bed, after having had sexual relations. Those pictures have been secured, on her phone, and reflect the defendant in bed with the minor victim girl.

**B.** **Maximum Penalties**

The total maximum penalty defendant faces is a maximum of life imprisonment with a mandatory minimum sentence of 10 years. Under the Sentencing Guidelines, the defendant could be facing as much as 151-188 months imprisonment.

**C.** **Criminal Record**

1. The defendant's criminal history contains some convictions for possession of marijuana, as recently as 2012. Also, there is a prior driving under the influence matter that was handled in a diversion program.

**D.** **Lack Of Community Ties/Employment**

1. The defendant has prior contacts with Tennessee. In fact, the defendant's mother lives there and was the location he visited when he needed to obtain another vehicle after his truck was ruined in a crash.

2. According to the pretrial services report, the defendant is unemployed, has no land line, and has no contacts within the Eastern District of Pennsylvania whom he could provide as contacts to give background information on himself.

## II. **CONCLUSION**

When all these factors are viewed in light of the substantial sentence defendant faces if convicted, it is clear that no condition or combination of conditions will reasonably assure the presence of the defendant as required and/or the safety of the community.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


  /s/ Roberta Benjamin
ROBERTA BENJAMIN
Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | MAGISTRATE NO. 14-75-M |
| POULAERT VANDEN-BOSCHE | : | |

## PRETRIAL DETENTION ORDER

AND NOW, this _____ day of _____, 2014, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because this is a case which charges the defendant with an offense involving a minor victim, under Section 2251 of Title 18. In light of this, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. See 18 U.S.C. Section 3142(e)(3)(E).

1. There is probable cause to believe that the defendant has violated Title 18, United States Code, Section 2422(b), as charged in the criminal complaint filed on January 23, 2014. Since this is a case which charges the defendant with an offense involving a minor victim, under section 2251 of Title 18, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. See 18 U.S.C. Section 3142(e)(3)(E).

2. The evidence in this case is strong.

   a. The defendant admitted to having had sexual relations with the minor, in a consensual telephone conversation that took place on or about December 12, 2013. When asked, during this conversation, if he would get together with the minor victim again, he was willing to do that, even after having been caught in bed with her on or about October 11, 2013.

   b. A search warrant that was executed at the defendant's residence produced various items the minor victim indicated she had given to the defendant; items which were specifically named in the search warrant as provided to the defendant from the victim minor girl.

   c. The fact that the defendant was involved in sexual activity with the minor victim girl was uncovered when the minor's father returned home from work unexpectedly and found the defendant in bed with his daughter. Also, the minor had taken pictures of the defendant and herself in bed, after having had sexual relations. Those pictures have been secured, on her phone, and reflect the defendant in bed with the minor victim girl.

3. The defendant has prior contacts with Tennessee. In fact, the defendant's mother lives there and was the location he visited when he needed to obtain another vehicle

after his truck was ruined in a crash. According to the pretrial services report, the defendant is unemployed, has no land line, and has no contacts within the Eastern District of Pennsylvania whom he could provide as contacts to give background information on himself.

4. The total maximum statutory penalty defendant faces is life imprisonment, with a mandatory minimum term of 10 years imprisonment. The estimated guidelines range for the charged offenses is 151-181 months. Accordingly, the defendant has a substantial incentive to flee.

5. The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, and his lack of ties to the Eastern District of Pennsylvania, establish the defendant's danger to the community and increase the high risk that the defendant will not appear as required by the Court.

6. As there is probable cause to believe that the defendant committed an offense involving a minor victim, under section 2251 of Title 18, the Court must presume--subject to rebuttal by the defendant--that no condition of release, or combination of conditions, will reasonably assure the safety of any person and the community or reasonably assure the appearance of the defendant as required. The defendant has failed to rebut this presumption.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge

of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

HONORABLE LINDA K. CARACAPPA
*United States Magistrate Judge*

## CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Order was served by hand delivery, on the following defense counsel:

        Leigh M. Skipper, Esq.
        Defender Association of Philadelphia
        Federal Court Division
        The Curtis Center Building
        601 Walnut Street
        Suite 540 West
        Independence Square West
        Philadelphia, PA 19106

        /s/ Roberta Benjamin
        ROBERTA BENJAMIN
        Assistant United States Attorney

Date:    January 28, 2014