IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| POULAERT VANDEN-BOSCHE | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 14-86 |
| | : | |
| UNITED STATES OF AMERICA | : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                                           **January 10, 2023**

      Petitioner Poulaert Vanden-Bosche asks this Court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Vanden-Bosche argues his attorney was ineffective for myriad reasons at the pretrial, sentencing, and appellate phases of his case, such that he was denied his Sixth Amendment right to counsel. Because the record conclusively shows Vanden-Bosche is not entitled to relief on any of these claims, his motion will be denied without an evidentiary hearing.

**BACKGROUND**

      On February 20, 2014, a grand jury handed down an indictment charging Vanden-Bosche with one count of online enticement of a minor, in violation of 18 U.S.C. § 2422(b). Crim. Compl. 1, ECF No. 1. If convicted, Vanden-Bosche faced a mandatory minimum of ten years of incarceration. 18 U.S.C. § 2422(b). On January 13, 2015, a superseding information was filed, charging him with one count of travel with intent to engage in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b). Super. Info. 1, ECF No. 63. Two days later, Vanden-Bosche pled guilty to the superseding information, in exchange for the government's agreement to dismiss the indictment charging a violation of 18 U.S.C. § 2422(b). *See* Plea Doc. 1, ECF No. 68. He admitted to traveling between Pennsylvania and New Jersey to engage in sexual acts with a minor, age 14, who he had met on an internet application known as "Whisper." *Id.*; Plea Tr. 28:14-29:14, 31:6-14, ECF No. 110-1.

1

At sentencing, Judge William H. Yohn, Jr. imposed several sentencing enhancements, including a two-level increase for "undue influence" pursuant to U.S.S.G. § 2G1.3(b)(2) due to the greater than ten-year age gap between perpetrator and victim. Plea Agreement 4, ECF No. 68; Sent. Tr. 11:22-12:5, ECF No. 110-4. Vanden-Bosche was assessed two criminal history points for a criminal history category of II. Sent. Tr. 6:7-10, 11:22-12:5, ECF No. 110-4. On July 21, 2015, Vanden-Bosche was sentenced to 88 months of imprisonment and seven years of supervised release. J. 2-3, ECF No. 81.

Vanden-Bosche's attorney filed an appeal of Judge Yohn's sentence, arguing the court erred in calculating Vanden-Bosche's criminal history category. *See* Resent. Tr. 6, ECF No. 110-6. The Third Circuit granted summary remand on December 28, 2015, after the Government conceded Vanden-Bosche's criminal history category was incorrect. Order, Dec. 28, 2015, ECF No. 89. Resentencing occurred on September 8, 2016, before Judge Darnell C. Jones, II, to whom the case had been reassigned. *See* Order, June 30, 2016, ECF No. 96. Vanden-Bosche was resentenced to 84 months of imprisonment, seven years of supervised release, and $14,839.37 of restitution. Resent. J. 2-3, ECF No. 103.

On December 26, 2017, Vanden-Bosche filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 106. He charges his attorney with ineffective assistance at the pretrial, sentencing, and appellate stages of his case, resulting in the deprivation of his Sixth Amendment right to counsel. Specifically, he contends defense counsel was ineffective for failing to: (1) conduct an adequate pretrial investigation; (2) file substantive pretrial motions; (3) negotiate a favorable plea agreement; (4) review the PSR and file substantive objections; (5) challenge Judge Yohn's sentencing calculation; (6) present any mitigating evidence; (7) object to the sentence being objectively unreasonable; (8) communicate about the appeal process; and (9)

2

raise meritorious issues on appeal. Vanden-Bosche was released from prison on March 9, 2021, and remains on supervised release. *See* Letter to J. Jones, Mar. 31, 2021, ECF No. 112.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may seek to have his sentence vacated, set aside, or corrected if it was imposed in violation of the Constitution or laws of the United States, or is otherwise subject to collateral attack. Relief may be granted only if an error of law or fact occurred, and if such error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Eakman*, 378 F.3d 294, 298 (3d Cir. 2004) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Vanden-Bosche brings this § 2255 motion pro se, and his pleadings are thus construed liberally. *See United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007). Even so, Vanden-Bosche must nevertheless plead "facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

In evaluating a § 2255 motion, the court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record" and "must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). Although the threshold for obtaining an evidentiary hearing on a § 2255 motion is "reasonably low," *see U.S. v. Booth*, 432 F.3d 542, 546 (citation omitted), "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court," *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).

**DISCUSSION**

Vanden-Bosche argues his counsel was ineffective during the pretrial phase, at sentencing, and on appeal. Because the record contradicts his claims, Vanden-Bosche's petition for relief under

3

28 U.S.C. § 2255 will be denied without an evidentiary hearing. *See United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005).

As a threshold matter, Vanden-Bosche's release from prison does not render his petition moot. The requirement that a habeas petitioner be "in custody" is met as long as the petitioner was incarcerated at the time the petition was filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The "continuing collateral consequences" of a federal criminal conviction satisfy the Constitution's case-or-controversy requirement. *Id.* at 8. Vanden-Bosche was released from custody of the Bureau of Prisons on March 9, 2021, but this Court retains jurisdiction to consider his petition because it was filed while he was incarcerated. *See* Pet. 1, ECF No. 106. Further, Vanden-Bosche continues to serve a term of seven years of supervised release. Resent. J. 3, ECF No. 103. The Third Circuit has explained that a § 2255 movant on supervised release may still challenge his sentence if the district court has the power to reduce the duration of the supervised release term were his petition to be granted. *United States v. Doe*, 810 F.3d 132, 143 (3d Cir. 2015). As this Court has such power, this case is not moot. *See* Fed. R. Crim. P. 35(b).

By pleading guilty, Vanden-Bosche gave up many of his rights to challenge his conviction on direct appeal or through collateral attack. When a defendant chooses to plead guilty, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). However, a claim of ineffective assistance of counsel may function as an exception to these "rules of waiver and forfeiture." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). To demonstrate that one was deprived of the constitutional right to effective assistance of counsel, a defendant must show (1) his counsel's representation fell below an objective standard of reasonableness, and (2) he was prejudiced by this "deficient performance." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Within the context of a guilty plea, the "prejudice prong" may be met where a defendant can show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). At the plea stage, "strict adherence to the *Strickland* standard" is essential. *Premo v. Moore*, 562 U.S. 115, 125 (2011).

Vanden-Bosche accuses his counsel of failing to investigate defenses, file substantive motions, or negotiate a favorable plea agreement at pretrial. These claims are baseless. First, they are directly undermined by Vanden-Bosche's own declaration under oath at his change of plea hearing that he had had enough time to discuss his case with his attorney and was satisfied with her representation. Plea Tr. 7:6-10, 14:22-15:1, ECF No. 110-1. Second, his allegation that his attorney failed to negotiate an advantageous plea agreement is simply inaccurate: as a result of defense counsel's efforts, Vanden-Bosche was spared a mandatory minimum sentence of ten years as charged under 18 U.S.C. § 2422(b). Third, by pleading guilty, Vanden-Bosche waived the right to challenge evidentiary issues. *United States v. Terpack*, 316 F. App'x 122, 124 (3d Cir. 2009); *United States v. Ptomey*, 366 F.2d 759, 760 (3d Cir. 1966). Although Vanden-Bosche makes great noise about counsel's failure to investigate and move to suppress various phone recordings and text messages, because his conviction was based "solely and entirely upon the plea" he may not now raise an independent evidentiary challenge. *Ptomey*, 366 F.2d at 760. To the extent that Vanden-Bosche incorporates this evidentiary argument into an ineffective assistance of counsel claim, he does not meet the *Strickland* standard of inefficacy.

His defense counsel made the objectively reasonable decision to not attempt to suppress admissible evidence. Vanden-Bosche claims the recordings were inauthentic and unconstitutionally obtained, and the text messages were inadmissible under the "best evidence rule." Def.'s Mem. Supp. Pet. 16-20, ECF No. 109. Vanden-Bosche is incorrect. First, his attorney

5

adequately investigated the authenticity of the recordings by hiring a forensic audio expert. *Id.* at 16. Because this expert concluded that the evidence was authentic, it would have been unreasonable for defense counsel to file a motion to suppress on this basis. Second, although Vanden-Bosche contends the recordings were illegally obtained without his consent, federal law allows for single-party consent for intercepted calls, again rendering a motion to suppress unreasonable. 18 U.S.C. § 2511(2)(c). Finally, Vanden-Bosche's argument that the text messages violated the best evidence rule is meritless, as an accurate photocopy of texts is considered "original" within the meaning of the Federal Rules of Evidence. Fed. R. Evid. 1001(d); *see also Commonwealth v. Talley*, 265 A.2d 485, 534 (Pa. 2021) (holding that a screenshot is a duplicate of an original, rather than a counterpart, despite lacking metadata); *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 577-78 ("[U]nder Rule 1001(3) the 'original' of information stored in a computer is the readable display of the information on the computer screen, the hard drive, . . . as well as any printout or output that may be read."). After investigating and ascertaining that these pieces of evidence were admissible, defense counsel made the choice to not file any suppression motions, acting well within the standard of reasonableness guaranteed by the Sixth Amendment.

Vanden-Bosche is also unable to meet the prejudice prong of *Strickland*. Even if his attorney should have moved to suppress this evidence, Vanden-Bosche cannot show that, but for her error, "he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Even if the phone recording and text messages had been suppressed, the outcome at trial would have remained the same. The prosecution had sufficient evidence to convict Vanden-Bosche at trial, from the testimony of the victim, her father, and police officers, and the evidence obtained from Vanden-Bosche's home through the execution of a search warrant. Gov't Mem. Opp. Pet. 9, ECF No. 110. Again, had Vanden-Bosche proceeded to trial, he would have been

exposed to a mandatory minimum of ten years of incarceration. 18 U.S.C. § 2422(b). It is nonsensical to suggest that Vanden-Bosche would have declined to enter a guilty plea and instead have proceeded to trial in the face of such incriminating evidence, notwithstanding the suppression of the recordings and text messages.

Vanden-Bosche further alleges that, had the authenticity of the phone calls been successfully challenged, the genuine full recording would have included part of a conversation showing he believed the victim to be 19 years old. Def.'s Mem. Supp. Pet. 16, ECF No. 109. According to Vanden-Bosche, this evidence would exonerate him due to his lack of mens rea in knowingly transporting a minor. *Id.* It is irrelevant, however, whether Vanden-Bosche knew the victim was a minor because the statute under which he was convicted, 18 U.S.C. § 2423, does not include a mens rea requirement as to the victim's age. *United States v. Tyson*, 947 F.3d 139, 144 (3d Cir. 2020) (holding that a defendant charged under 18 U.S.C. § 2423 need not have known the victim's age to have knowingly transported a minor). Because he has not shown that, had this evidence come to light "the result of the proceeding would have been different," Vanden-Bosche's claims as to pretrial counsel's inefficacy will be denied. *Strickland*, 466 U.S. at 687.

Vanden-Bosche next contends his attorney was ineffective at sentencing for failing to review and make objections to the PSR, present mitigating evidence, or challenge the sentence as substantively unreasonable. As with his pretrial claims, this argument is belied by Vanden-Bosche's own testimony at the sentencing hearing that he had seen the PSR and had no requested changes. Sent. Tr. 5:15-20, ECF No. 110-4. Some of Vanden-Bosche's claims are simply factually inaccurate. For example, defense counsel put on witnesses and introduced character letters as mitigating evidence at sentencing. *Id.* at 13:2-18:25. She also made an objection to the PSR's

calculation of Vanden-Bosche's criminal history category, which ultimately resulted in his sentence being reduced by four months. *Id.* at 6:11-7:4; Resent. Tr. 6, ECF No. 110-6.

Vanden-Bosche also argues defense counsel erred in failing to object to the two-level sentencing enhancement for undue influence pursuant to U.S.S.G. § 2G1.3(b)(2). Def.'s Mem. Supp. Pet. 33, ECF No. 109. This enhancement applies where a defendant "unduly influence[s] a minor to engage in prohibited sexual conduct." U.S.S.G. § 2G1.3(b)(2). The Application Note to the Sentencing Guideline explains there is a rebuttable presumption of undue influence when there is a greater than ten-year age gap between defendant and victim. *Id.* cmt. 3(B). As Vanden-Bosche was 18 years older than the victim, the presumption was applied correctly. *See* Plea Tr. 19:13-21, 28:20-23, 21:6-14, ECF No. 110-1. Vanden-Bosche claims, however, that his attorney erroneously told him the enhancement automatically applied due to the age difference. Def.'s Mem. Supp. Pet. 33, ECF No. 109. If this conversation in fact took place, defense counsel's characterization of the Guideline may have fallen "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687.

However, failing to *object* to the enhancement was reasonable because there was no evidence that could have rebutted the presumption of undue influence. Vanden-Bosche's argument that the victim was "predisposed to engage in the conduct" and "voluntarily consented to it" does not overcome the presumption. Def.'s Mem. Supp. Pet. 34, ECF No. 109; *see also United States v. Cowell*, 820 F. App'x 164, 165 (3d Cir. 2020) ("We vehemently reject Cowell's argument that his child victim's previous behavior somehow discounts or negates his own responsibility for sexually exploiting a vulnerable, underage girl."); *United States v. Hagen*, 641 F.3d 268, 271 (8th Cir. 2011) (citation omitted) ("The victim's willingness to engage in sexual activity is irrelevant to the § 2G1.3(b)(2)(B) inquiry."). In addition, other evidence pointed to Vanden-Bosche's

8

influence on the victim, including his use of psychological force to ensure that she would not tell anyone about their affair. *See* Text Messages Nos. 87, 873, ECF No. 110-2; Grand Jury Tr. 13:6-18, 14:23-15:8; *see also United States v. Kupetsky*, 501 F. App'x 214, 218 (3d Cir. 2012) (relying on the fact that the defendant told the victim to conceal their relationship as evidence of undue influence under U.S.S.G. § 2G1.3(b)(2)). It would not have been reasonable for his attorney to object to the imposition of this enhancement, so she was not ineffective for failing to do so.

Defense counsel was also not ineffective for failing to object to Vanden-Bosche's sentence as substantively unreasonable. Because the sentence imposed by Judge Yohn was within the guideline range, it is entitled to a presumption of reasonableness. *Rita v. United States*, 551 U.S. 338, 347 (2007). Vanden-Bosche has pointed to no evidence challenging this presumption. As with his other claims of ineffective assistance of sentencing counsel, this argument is without merit.

Finally, Vanden-Bosche contends he was deprived of his right to effective assistance of counsel during his appeal due to his attorney's failure to consult with him and raise various issues on appeal. Def.'s Mem. Supp. Pet. 36, ECF No. 109. First, his attorney did reasonably consult with Vanden-Bosche on the issue of appeal, stating that they would review the record "to see if there were any appealable issues." *Id.* at 43. As detailed below, besides the issue of Vanden-Bosche's criminal history category, there were no issues that had any merit on appeal. An attorney is not ineffective for failing to make frivolous claims. *McCoy v. Court of Appeals of Wis., Dist. 1*, 486 U.S. 429, 436 (1988).

While defense counsel successfully appealed Vanden-Bosche's sentence on the issue of his criminal history category, Vanden-Bosche argues she was ineffective for failing to raise other issues on appeal, including: (1) the prosecutor's perjury before the grand jury; (2) the sentencing

9

judge's failure to advise him of his appellate rights; (3) the sentencing judge's failure to consider the 3553(a) factors; and (4) the imposition of restitution. Because none of these claims have any merit, defense counsel's choice not to include them on appeal was objectively reasonable.

First, Vanden-Bosche alleges his appeal should have included a claim that the prosecutor lied to the grand jury when he said the Whisper App was "open to everyone." Def.'s Mem. Supp. Pet. 37, ECF No. 109. He argues that this "struck right to the heart" of his defense, which was that he reasonably believed the victim to be over 18—given that Whisper was for adults only—and therefore lacked the mens rea for the crime. *Id.* at 38. However, as noted above, the statute under which Vanden-Bosche was convicted does not include a mens rea requirement as to the victim's age. *Tyson*, 947 F.3d at 144. This renders the alleged perjury irrelevant to the grand jury's decision to indict Vanden-Bosche. *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988). Therefore, defense counsel's choice to not include this claim in her appeal was a sound one.

The second and third claims Vanden-Bosche argues his attorney should have appealed are factually baseless. Contrary to the Petitioner's assertion, at sentencing Judge Yohn advised Vanden-Bosche of his appellate rights, including the 14-day limitation for direct appeals. Sent. Tr. 34:15-24, ECF No. 110-4. He also adequately considered the 3553(a) factors in fashioning a sentence. *Id.* at 27:16-30:7. Defense counsel argued at sentencing that, had Vanden-Bosche been charged with statutory rape on federal property, he would be facing a much lower sentence. *Id.* at 22:13-20. Judge Yohn's failure to use the words "real offense" or "disparate sentences" does not indicate that he failed to meaningfully consider this argument or the factors enumerated in 18 U.S.C. § 3553(a). *See United States v. Cooper*, 437 F.3d 324, 332 (2006) (abrogated on other grounds) ("There are no magic words that a district judge must invoke when sentencing."). Any claim to the contrary on appeal would have been frivolous.

Finally, defense counsel was not ineffective for failing to raise the issue of restitution on appeal after Vanden-Bosche was resentenced. When the case was remanded by the Third Circuit for resentencing, the remand was not limited in scope to the issue of criminal history category. *See* Order, Dec. 9, 2015 at 1, ECF No. 89. Both parties were entitled to present new arguments, an opportunity of which both parties took advantage. Vanden-Bosche presented additional testimony and character witnesses in requesting a downward variance for his rehabilitation since his initial sentencing. Resent. Tr. 38-39, ECF No. 110-6. The government presented testimony from the victim's father about the medical bills he had accumulated as a result of Vanden-Bosche's actions. *Id.* at 14. The resentencing judge's decision to not grant the downward variance but to impose restitution is not evidence of defense counsel's ineffectiveness. As the government was well within its rights to raise the issue of restitution for the first time at resentencing, any argument to the contrary on appeal would have been fruitless, as is true for all of the above issues. Vanden-Bosche's attorney provided reasonably effective representation in deciding which issues to raise on appeal. His claims of ineffective assistance of appellate counsel are without merit.

For the foregoing reasons, Vanden-Bosche's motion under 28 U.S.C. § 2255 will be denied. Because the record conclusively shows Vanden-Bosche is not entitled to relief, no evidentiary hearing is required. *See Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010) (internal quotation marks and citation omitted) ("We have repeatedly emphasized that bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing on a habeas petition."). Further, the Court cannot find that Vanden-Bosche has made the requisite substantial showing of the denial of a constitutional right nor has he demonstrated that jurists of reason would find this or the correctness of the Court's procedural findings to be debatable. There

is thus no basis upon which to issue a Certificate of Appealability. *See generally*, 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate order follows.

BY THE COURT:

_____
Juan R. Sánchez, C.J.